### Leonard Welch v. The State.

No. 4432.    Decided April 18, 1917.

**1.—Maliciously Changing Gear of Motor Vehicle—Insufficiency of the Evidence.**

Where, upon trial of purposely and maliciously changing the gears of a standing motor vehicle, etc., under section 3 of the Act of April 2, 1913, the evidence was not sufficient to show that defendant purposely and maliciously, in the sense intended and prescribed by said statute, changed said gear, etc., a conviction could not be sustained.

**2.—Same—Statutes Discussed.**

See opinion for a discussion of section 1 of said Act, as amended in 1915, to emphasize the fact that the evidence was insufficient to show that defendant was guilty under section 3 of said Act.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of maliciously changing gear, etc., of motor vehicle; penalty, six months confinement in the county jail.

The opinion states the case.

*L. W. Greenly,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was prosecuted under section 3 of the Act of April 2, 1913, page 187, which as to the alleged offense prescribes: Whoever purposely and maliciously shall change the gears of a standing motor vehicle to a position other than that in which it was left by the owner shall upon conviction be imprisoned in the county jail for not less than six months nor more than one year. Appellant's punishment was assessed at the lowest prescribed.

Only two witnesses testified, the owner and appellant. The effect of their testimony is that the owner employed appellant to fix his automobile. When he turned it over to him for that purpose it was in a certain yard, and the owner gave him no authority to take it out of that yard. At the time he turned it over to him it was not in gear. Appellant fixed the car as he had been employed to do. After he had completed the repairs he took it out to see if it was in good working condition. He ran it some twelve blocks to a house he said to get water to put into the radiator. When he reached that house the parties there asked him to take them for a ride, which he did. While going down a grade, he discovered the brakes would not work, and he was unable to control the car. One of the casings on the front wheel came off, and the car turned partly over and skidded around so that it faced back towards the way it was running before it skidded. The car was considerably injured. The owner knew nothing about his using the car or injuring it until appellant told him, and when he told him of the accident appellant said he also told him he would repair the car or pay the damages, and he thought everything was satisfactory until he was arrested. Appellant admitted that the car was not in gear when he started to work on it, and, of course, in order to run it he had to put it in gear and change it from what it was when it was left in his charge by the owner.

The evidence, we think, was not sufficient to show that appellant purposely and *maliciously,* in the sense intended and prescribed by said section of the law, changed the gear of said standing motor to a position other than that in which it was left by the owner when placed in his charge.

Section 1 of said Act of 1913, as amended by the Act of March 22, 1915, page 160, makes it an offense with the same penalty as prescribed in section 3 above noted, for anyone to purposely take, drive or operate upon the public road, highway or other public place any motor vehicle without the consent of the owner if the value thereof is $35 or more, and if of less value, prescribes a lesser penalty. While we do not pass upon the question nor in any way hold, because the question is not before us, that appellant may have violated said sec-

tion .1, we call attention to said first section to emphasize the fact that the evidence was insufficient to show that appellant was guilty under said section 3.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*